**YI QING HE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–2542–ag.

United States Court of Appeals, Second Circuit.

June 30, 2006.

Martin W. Chow, New York, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Jo Ann M. Navickas, Walter M. Norkin, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Yi Qing He (A 77–977–729), through counsel, petitions for review of the BIA's April 29, 2005 decision affirming Immigration Judge ("IJ") Elizabeth Lamb's Janu-

ary 26, 2004 order denying his application for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Although we do not find that all of the IJ's adverse credibility factors are supported by substantial evidence, we need not remand the case because we can confidently predict that the IJ would reach the same conclusion absent the error-infected grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006). The IJ and BIA were reasonable in questioning Mr. He's veracity because he was inconsistent as to whether he was ever threatened with sterilization and whether his wife was ever threatened with an abortion when Mr. He was in China. In addition, the IJ was reasonable in finding that Mr. He's testimony, regarding his fears related to the family planning policy, was implausible because neither he nor his wife suffered any consequences after the birth of their first child. Lastly, the IJ correctly noted that Mr. He failed to present any evidence of his marriage or his child's birth. The IJ was reasonable in rejecting Mr. He's explanation regarding the absence of documentary evidence because he was able to get other documents from China. Accordingly, the IJ's adverse cred-

ibility determination, as supplemented by the BIA, is supported by substantial evidence, and we can confidently predict that the agency would reach the same conclusion absent the error-based grounds.

Mr. He argues in his brief that the IJ should have granted his CAT claim because he proved that he had suffered torture in the past. However, Mr. He did not raise this argument to the BIA. Accordingly, Mr. He's CAT claim is not exhausted and this Court lacks jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.